UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-cv-61173-JIC

DOMENICK A. CUOMO,

       Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC
and ABSOLUTE RESOLUTIONS CORPORATION

       Defendants.
_____/

## DEFENDANT, ABSOLUTE RESOLUTIONS CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Absolute Resolutions Corporation (ARC), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Domenick A. Cuomo (plaintiff), and states:

1. ARC admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*., and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227, *et seq*., but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, ARC denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2. ARC admits jurisdiction and venue are proper.  Except as specifically admitted, ARC denies the allegations in ¶ 2.

## PARTIES

3. Upon information and belief, ARC admits the allegations in ¶ 2.

4. Upon information and belief, ARC admits the allegations in ¶ 4.

5. ARC admits the allegations in ¶ 5.

## FACTUAL ALLEGATIONS

6. ARC admits an account in plaintiff's name was placed with Mercantile Adjustment Bureau, LLC (MAB) for collection. Except as specifically admitted, ARC denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. ARC denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. ARC denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. ARC denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. ARC denies the allegations in ¶ 10 as calling for a legal conclusion.

11. ARC denies the allegations in ¶ 11.

12. ARC denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. ARC denies the allegations in ¶ 13 as calling for a legal conclusion.

14. ARC admits it placed an account in plaintiff's name with MAB for collection. Except as specifically admitted, ARC denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. ARC denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. ARC denies the allegations in ¶ 16.

17. ARC denies the allegations in ¶ 17.

18. ARC denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. ARC denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. ARC denies the allegations in ¶ 20 as calling for a legal conclusion.

21. ARC denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. ARC denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. ARC denies the allegations in ¶ 23.

24. ARC denies the allegations in ¶ 24.

25. ARC denies the allegations in ¶ 25.

26. ARC denies the allegations in ¶ 26.

27. ARC denies the allegations in ¶ 27.

28. ARC denies the allegations in ¶ 28.

29. ARC denies the allegations in ¶ 29 as calling for a legal conclusion.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

30. ARC incorporates the foregoing as if fully stated herein.

31. ARC denies the allegations in ¶ 31.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

32. ARC incorporates the foregoing as if fully stated herein.

33. ARC denies the allegations in ¶ 33.

## COUNT III
## FALSE IMPLICATION OF ATTORNEY INVOLVEMENT

34. ARC incorporates the foregoing as if fully stated herein.

35. ARC denies the allegations in ¶ 35.

## COUNT IV
## FALSE IMPLICATION OF LITIGATION

36. ARC incorporates the foregoing as if fully stated herein.

37. ARC denies the allegations in ¶ 37.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST MERCANTILE

38. ARC incorporates the foregoing if fully stated herein.

39. ARC denies the allegations in ¶ 39.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST ABSOLUTE

40. ARC incorporates the foregoing if fully stated herein.

41. ARC denies the allegations in ¶ 41.

### ARC'S AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. ARC denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of ARC's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than ARC and were beyond the control or supervision of ARC or for whom ARC was and is not responsible or liable.

6. Plaintiff has failed to state a claim against ARC upon which relief may be granted.

7. One or more of the telephone calls made to plaintiff were not made to a wireless, i.e., cellular, telephone.

8. Plaintiff consented and authorized calls to the phone number in question.

9. The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11. To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12. To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

13. Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Absolute Resolutions Corporation, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Rachel A. Morris, Esq.
Florida Bar No. 0091498
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz
rmorris@sessions-law.biz

Attorneys for Defendant,
Absolute Resolutions Corporation

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of June 2014, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL 33339

/s/ Dayle M. Van Hoose
Attorney